UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH FRIEDMAN,<br>      #80952 | )<br>)<br>) |
|       Plaintiff, | )  3:10-cv-00776-RCJ-RAM |
| vs. | )<br>) |
| OFFICE OF THE FEDERAL<br>PUBLIC DEFENDER, *et al.*, | )  **ORDER**<br>)<br>) |
|       Defendants. | )<br>) |

This is a prisoner civil rights action. On February 4, 2011, the court dismissed plaintiff's complaint with prejudice for failure to state a claim for which relief may be granted (docket #5). Judgment was entered on February 7, 2011 (docket #7). Plaintiff has filed a "notice to the court of supplemental cause to amend or supplement case" (docket #8). However, this case is closed, and to the extent that this is a motion to amend his complaint, it must be denied. Also before the court is plaintiff's motion for district judge to reconsider the screening order (docket #9), which the court now reviews.

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J*

*Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In its order of February 4, 2011, the court noted that plaintiff brought a "mixed" 42 U.S.C. § 1983 and Bivens complaint, because he named federal and state defendants. In plaintiff's motion to reconsider, he points out that the court applied the § 1983 standard to the federal public defenders he named as defendants. Plaintiff is correct that the court inadvertently referred to the defendant federal public defenders as if they were state public defenders. However, the analysis is identical. In an action brought pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), plaintiff must plead and prove that defendants were federal officers

acting under the color of federal law when they allegedly violated his civil rights. Thus the only difference between a *Bivens* action and a § 1983 action is that a *Bivens* action is against a federal officer and a 1983 action is against a state officer. In either case, action under color of law is a jurisdictional requisite. If a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (1982). Accordingly, the court clarifies that the federal public defenders named in this case may not be sued in a *Bivens* action. *See id.*, (determining that plaintiff's Bivens action against his federal public defender "suffer[ed] from a fatal jurisdictional defect which require[d] dismissal"). Plaintiff sets forth other arguments, such as that the court misconstrued his claims, that are without merit. Therefore, plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order dismissing the action should be reversed.

**IT IS THEREFORE ORDERED** that plaintiff's motion/notice to the court of supplemental cause to amend or supplement case (docket #8) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for district judge to reconsider screening order (docket #9) is **DENIED**.

DATED: This 30th day of March, 2011.

UNITED STATES DISTRICT JUDGE